UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:09CV-P654-S

**RANDY JOHNSON**                                                                                          **PLAINTIFF**

**v.**

**JOHN DOE** *et al.*                                                                                      **DEFENDANTS**

### MEMORANDUM OPINION

This matter is before the Court for *sua sponte* screening of the *pro se* complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will dismiss some of Plaintiff's claims and allow others to proceed for further development.

### I. SUMMARY OF CLAIMS

Plaintiff is a prisoner currently incarcerated at the Stateville Correctional Center in Joliet, Illinois. He files suit against John Doe (Head doctor of Kentucky State Reformatory) and John Doe (Medical Director of Kentucky Department of Corrections). He sues both Defendants in their individual and official capacities.

Plaintiff alleges that he underwent surgery for colon cancer on July 2, 2007. When he was released from the hospital, he was sent to Kentucky State Reformatory where he was admitted to the medical infirmary. Plaintiff's surgeon and oncologist instructed the Kentucky Department of Corrections that Plaintiff needed to start chemotherapy no later than 30 days from the date of his surgery, or no later than August 2, 2007. Plaintiff alleges that the "medical staff at the Kentucky State Reformatory were instructed by the head doctor there and the medical director of the Kentucky Department of Corrections to hold off on my chemotherapy until I saw the parole board in October of 2007." Plaintiff was granted parole and was released on

November 9, 2007.  He received one chemotherapy treatment while incarcerated at Kentucky State Reformatory on November 4, 2007.

Plaintiff alleges that, because of the delay in receiving chemotherapy treatment, "my cancer spread to my prostate and I now have a large mass on my liver as well.  I have to endure 96 more hours of chemotherapy now every two weeks and I have had 12 regimens so far and still need more.  This is directly because I didn't receive the more simple chemo treatments right after my surgery as my surgeon and oncologist told KDOC to give me."  Plaintiff claims that he can no longer provide for his family, that he will probably need more surgery, and that "[i]f the mass on my liver continues to grow at its current rate, I may be terminal."  Plaintiff claims that Defendants showed deliberate indifference to his need for chemotherapy within 30 days of surgery in violation of the Eighth Amendment.  He seeks $25 million in money damages and $10 million in punitive damages as relief.

## II.  STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty does not require the Court "to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the

strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

**A.    Official-capacity claims**

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims against Defendants, the head doctor of Kentucky State Reformatory and the Medical Director of the Kentucky Department of Corrections, are therefore actually claims against the Commonwealth. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

Upon review, the Court concludes that the official-capacity claims against Defendants must be dismissed on two bases.  First, a state, its agencies, and its officials are not "persons" subject to suit under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).  Additionally, the Eleventh Amendment[1] acts as a bar to all claims for relief against Defendants.  A state, its agencies, and its officials may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has

---

[1]The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  Although the Eleventh Amendment does not address the situation where a state's own citizen initiates suit against it, case law has interpreted the amendment to foreclose that possibility. *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)).

overridden it. *Kentucky v. Graham*, 473 U.S. at 169 ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 78l, 782 (1978). In enacting § l983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d l88 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332 (l979)). Accordingly, Plaintiff's official-capacity claims against both Defendants will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief.

**B.**     **Individual-capacity claims**

Upon review, the Court will allow Plaintiff's claims against Defendants in their individual capacities to proceed for further development. In allowing these claims to proceed, the Court passes no judgment on their ultimate outcome.

The Court will enter a separate Scheduling Order governing the development of the remaining claims and will enter a separate Order dismissing all other claims.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet
4411.010