# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:09CV-P654-S

**RANDY JOHNSON**                                                              **PLAINTIFF**

**v.**

**JOHN DOE** *et al.*                                                               **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff initiated this *pro se* civil action under 42 U.S.C. § 1983 alleging denial of medical care while he was incarcerated at the Kentucky State Reformatory (KSR). After screening the complaint pursuant to 28 U.S.C. § 1915A, the Court allowed claims to go forward against John Doe, Medical Director of KSR, and John Doe, Head Doctor of KSR, later identified as Dr. Scott Haas, in their individual capacities. The Court entered a Scheduling Order on October 7, 2009. The Scheduling Order stated that Plaintiff's failure to comply with it or any subsequent order could result in dismissal of the case.

On March 8, 2010, Plaintiff filed a notice of change of address. The Court entered an Order on March 25, 2010, stating that Plaintiff appeared to have been released from incarceration and directing him to file a non-prisoner application to proceed without prepayment of fees or pay the filing fee in the amount of $350 within 30 days. The Order stated that, "Failure to file the new application to proceed without prepayment of fees or pay the filing fee in the amount of $350 within 30 days will result in dismissal of the complaint." Plaintiff failed to file a new application or to pay the filing fee.

Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there

is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, Plaintiff's failure to comply with the Court's Order shows a failure to pursue his case. Therefore, by separate Order, the Court will dismiss the instant action.

Date:

cc: Plaintiff, *pro se*
  Counsel of Record
4411.010